IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINCOLN HERBERT, : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION NO. 022671 |
| ROBERT J. REINSTEIN, : | |
| WILLIAM T. BERGMAN, : | |
| THE BEASLEY SCHOOL OF LAW, : | |
| AND : | |
| TEMPLE UNIVERSITY, : | |
| Defendants. : | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants, Temple University – Of the Commonwealth System of Higher Education ("Temple"), James E. Beasley School of Law (the "Law School") Robert J. Reinstein, Dean of the Law School and a Vice President of Temple, and William Bergman, a Vice President of Temple (collectively, "Defendants"),[1] have moved to dismiss Plaintiff's claims under the Pennsylvania Constitution, as well as several claims based on events that took place outside the two-year statute of limitations. Plaintiff's attempts to explain why these claims are legally viable are unavailing. In fact, in this case, Plaintiff has repeated many of the same arguments that were made, and were rejected, in his own previous lawsuits against the Defendants and in the companion case of Sabatini v. Reinstein. His arguments should be rejected for the same reasons here.

---

[1] Plaintiff has incorrectly designated Defendants in his Complaint as "Robert J. Reinstein, Dean of the Beasley School of Law and Vice President of Temple University; William T. Bergman, Chief, Temple University Campus Police; The Beasley School of Law; and Temple University."

I.  **ARGUMENT**

   A.  **Plaintiff's State Constitutional Claims are Legally Defective**

As set forth in Defendants' initial memorandum of law on this motion, the provisions of the Pennsylvania Constitution on which Plaintiff seeks to rely do not give rise to a private cause of action for damages. Without any direct, or even indirect, legal authority in his favor, Plaintiff has instead attempted to confuse the issue by arguing that the Defendants have claimed that Temple is a private institution to which the Constitution does not apply. To the contrary, Defendants have never contested Temple's status as a state actor for constitutional purposes. However, whether or not Temple is a state actor, Temple, as a state-related university, is no less entitled than a private property owner to set aside portions of its property as non-public fora. Adderly v. State of Florida, 385 U.S. 39, 47 (1966); American Future Systems, Inc. v. Pennsylvania State University, 618 F.2d 252, 255 (3d Cir. 1980). In fact, in Sabatini v. Reinstein, this Court held that the areas where the Plaintiff and Sabatini attempted to distribute leaflets during the Law School graduation ceremonies are non-public fora. 2000 WL 1052103, at *2-3 (E.D. Pa. July 21, 2000) (Ludwig, J.). Plaintiff's factually incorrect argument that all Temple property is Commonwealth property[2] does not support his state or federal constitutional claims.

Plaintiff has failed to cite even a single case in which a private claim for damages has been permitted to proceed under Article I, section 7 or 20 of the Pennsylvania Constitution. Nor has Plaintiff made any attempt to distinguish Sabatini v. Reinstein, 1999 WL 636667 (E.D. Pa. 1999); Holder v. City of Allentown, 1994 WL 236546 (E.D. Pa. 1994); Lees v. West Greene

---

[2]  Although not necessary for the disposition of this motion, all of the property where Plaintiff claims to have attempted to distribute leaflets is owned entirely by Temple in its corporate capacity. None of the property in question is owned by the Commonwealth.

School District, 632 F.Supp. 1327, 1334 (W.D. Pa. 1986); or Pendrell v. Chatham College, 386 F. Supp. 341 (W.D. Pa. 1974), all of which establish that he cannot state a claim for damages under either of these state constitutional provisions.[3]

Unable to find any case law directly supporting his position, Plaintiff instead cites Harley v. Schuylkill County, 476 F. Supp. 191 (E.D. Pa. 1979), and Petition of H.C. Frick Coke Co., 352 Pa. 269, 42 A.2d 532 (Pa. 1945), for the proposition that because the plaintiffs in those cases were permitted to pursue claims for damages under certain other sections of Article I of the Pennsylvania Constitution (namely, section 1 and section 25), he should be permitted to pursue a claim for damages under sections 7 and 20 of Article 1 of the Pennsylvania Constitution.

---

[3]  As in Sabatini, Plaintiff has cited Pap's A.M. t/d/b/a/ Kandyland v. City of Erie, 719 A.2d 273 (Pa. 1998), in an apparent attempt to characterize Lees as an incorrect interpretation of Pennsylvania law. However, Pap's A.M. did not address the question of whether an individual may bring a private suit for damages under either of the constitutional provisions at issue here. Furthermore, Plaintiff has incorrectly characterized the portion of the Pap's A.M. case he has cited as being taken from the opinion of the Pennsylvania Supreme Court, when in fact the passage was taken from a concurring opinion. Moreover, since the Plaintiff in Sabatini attempted to use Pap's A.M. in the same way, the Pennsylvania Supreme Court's opinion in that case has been reversed by the United States Supreme Court. 529 U.S. 277 (2000). Plaintiff would do well to update his research before re-using the materials that he assisted Mr. Sabatini in preparing.

Furthermore, none of the cases listed by Plaintiff in his citation of Pap's A.M. deals with a state actor's imposition of time, place and manner restrictions in a non-public forum. See William Goldman Theatres, Inc. v. Dana, 405 Pa. 83, 173 A.2d 59 (1961) (analyzing constitutionality of prior restraint); Willing v. Mazzocone, 482 Pa. 377, 393 A.2d 1155 (1978) (analyzing constitutionality of prior restraint); Com. v. Tate, 495 Pa. 158, 432 A.2d 1382 (1981) (analyzing constitutionality of speech restrictions imposed by a non-state actor); Western Pa. Socialist Workers 1982 Campaign v. Conn. General Life Ins. Co., 512 Pa. 23, 515 A.2d 1331 (1986) (analyzing constitutionality of speech restrictions imposed by a non-state actor); Ins. Adjustment Bureau v. Ins. Commissioner for Com. of Pa., 518 Pa. 210, 542 A.2d 1317 (1988) (analyzing constitutionality of prior restraint). To the extent that Article I, sections 7 and 20 of the Pennsylvania Constitution provide broader rights than the First Amendment, they do not appear to do so in this context. Cf. Com v. Tate, supra (analyzing whether property is a public forum for purposes of free speech); Brush v. Pennsylvania State Univ., 489 Pa. 243, 414 A.2d 48 (1980) (analyzing reasonableness of time, place and manner restrictions imposed in a non-public forum).

Plaintiff's conclusion simply does not follow from the cases he has cited, particularly in light of the fact that Article I, section 25 of the Pennsylvania Constitution, which was at issue in <u>Petition of H.C. Frick Coke Co.</u>, expressly provides for "just compensation" in the event of a taking of private property for public use. 352 Pa. at 273-4, 42 A.2d at 534. No such language is contained in either of the constitutional provisions under which the Plaintiff seeks to recover here, and the right of a property owner to seek compensation which is due under Article I, section 25 of the Pennsylvania Constitution has no bearing upon the Plaintiff's right to seek damages for alleged violations of Article I, sections 7 and 20.

Finally, Plaintiff has argued that if there is no private right of action for damages under Article I, sections 7 and 20 of the Pennsylvania Constitution, then individuals will be left without any way to protect their rights under these constitutional provisions. This is simply not true. Even without a private cause of action for damages under these constitutional provisions, individuals can still enforce their constitutional rights in the courts. <u>See, e.g.</u>, <u>Kacar, Inc. v. Zoning Hearing Board of City of Allentown</u>, 60 Pa. Commw. 582, 432 A.2d 310 (1981) (analyzing a challenge to an ordinance as unconstitutional); <u>see, e.g.</u>, <u>Com. v. Zullinger</u>, 450 Pa. Super. 533, 676 A.2d 687 (1996) (analyzing a constitutional challenge to a criminal conviction). Thus, a private cause of action for damages is not necessary to enable individuals to protect their constitutional rights.

Plaintiff's only "support" for his state constitutional claims is found in irrelevant authorities and incorrect conclusions of law. There is simply no authority for the recognition of a private cause of action for damages under Article I, sections 7 and 20 of the Pennsylvania Constitution. As in <u>Sabatini</u>, Plaintiff's claims under these constitutional provisions should be dismissed.

**B.     Plaintiff's 1998 and 1999 claims are not sustained by the continuing violation doctrine.**

In an attempt to preserve his claims relating to incidents that occurred in 1998 and 1999, Plaintiff has argued only that the continuing violation doctrine can be applied outside of the hostile environment employment discrimination context. (Plaintiff's Brief, pp. 7-9). Plaintiff's argument is based primarily on the Third Circuit's decision in Keystone Ins. Co. v. Houghton, 863 F.2d 1125 (3d Cir. 1988), a decision which has twice been abrogated by the United States Supreme Court. Rotella v. Wood, 528 U.S. 549 (2000); Klehr v. A.O. Smith Corp., 521 U.S. 179 (1997). Plaintiff's citation of a handful of district court decisions does nothing further to support his argument, particularly since he has failed to allege any facts that would establish a continuing violation on the part of the Defendants.

Not every series of events fits within the continuing violation doctrine. Evaluation of whether a series of events constitutes a continuing violation must be done in light of the basis and purpose of the doctrine. Cowell v. Palmer Township, 263 F.3d 286, 295 (2001). Particularly in the context of "hostile environment" employment discrimination cases, discriminatory acts tend to "unfold rather than occur," such that it can be difficult to define precisely when the discrimination began. See Bell v. Chesapeake & Ohio Railway Co., 929 F.2d 220, 223 (6th Cir. 1991). Accordingly, the continuing violation doctrine was developed, based on the idea that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated. Martin v. Nannie and the Newborns, Inc., 3 F.3d 1410, 1415 n. 6 (10th Cir. 1993); Alldread v. City of Grenada, 988 F.2d 1425, 1432 (5th Cir. 1993). If an event or series of events should have alerted a reasonable person to assert his or her rights, that person cannot later rely on the continuing violation doctrine to avoid the effect of the statute of limitations. Cowell, 263 F.3d at 295; Martin, 3 F.3d at 1415 n. 6.

Plaintiff's complaint in this case clearly shows that he was aware of each incident as it occurred, and that each incident was a separate and discrete event that should have alerted the Plaintiff of the need to assert his rights. Plaintiff's complaint also reveals that he regarded the Defendants' actions as improper from the outset, since he only went to the public sidewalk "under duress" in 1998 (Complaint, ¶ 37), and he "protested that he had a constitutional right" to continue handing out leaflets on Temple property in 1999 (Complaint, ¶ 54).[4] Plaintiff's involvement as "law clerk" to the plaintiff in the companion case of Sabatini v. Reinstein, which he has highlighted in his brief in opposition to Defendants' Motion to Dismiss (Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss, p. 1), and which is part of the record before this Court in the Sabatini action (Defendants' Brief in Support of Motion to Compel Answers to Questions Asked at Deposition of Lincoln Herbert, Sabatini v. Reinstein, No. 99-CV-2393 (E.D. Pa. 2000)), is another unmistakable indicator of the Plaintiff's knowledge of the supposed injury which constitutes the basis for this action. See Long v. Bd. of Ed. of City of Phila., 812 F.Supp. 525, 530 (E.D. Pa. 1993) (prior complaints concerning same incidents demonstrate plaintiff's knowledge of need to assert his or her rights). Plaintiff has not, and indeed cannot, claim to have been unaware of the need to file a claim as of 1998. See Cowell v. Palmer Township, No. 99-3216, 1999 WL 1212180 at *3 (E.D. Pa. Dec. 16, 1999), aff'd., 263 F.3d 286, 295 (3d Cir.

---

[4]   In fact, when deposed in connection with Sabatini v. Reinstein, Plaintiff repeatedly emphasized that he had attempted to distribute leaflets at a number of Law School graduation ceremonies and other events since 1993, and that by 1997, he was of the strong opinion that the Defendants' conduct was illegal. (Brief in Support of Defendants' Motion for Summary Judgment, Sabatini v. Reinstein, No. 99-CV-2393 (E.D. Pa. 2000), Ex. D at 27-28, 36-37, 40-41, 131-132, 136). When asked why he did not file a lawsuit against the Defendants, Plaintiff stated that he had declined to file suit for "personal reasons . . . certainly not having to do with the law." (Id. at 135). The transcript of Herbert's deposition is part of the record before this court in Sabatini. (Id. at Ex. D).

2001). Accordingly, the continuing violation doctrine cannot save his claims relating to the 1998 and 1999 incidents.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request the entry of an Order dismissing Counts I, II, III, IV, V, VI, VII, VIII, IX, XIII, XVII, and XXI of the Complaint with prejudice.

Respectfully submitted,

Dated: May 31, 2002

*/s/ Carrie E. Watt*

Burt Rublin, #32444
Carrie Watt, #71119
BALLARD SPAHR ANDREWS &
  INGERSOLL, LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103
215-665-8500
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this date, May 31, 2002, I caused a true and correct copy of the foregoing Reply Brief in Support of Defendants' Motion to Dismiss to be served by first class mail on the following:

>Lincoln Herbert
>83 South Lansdowne Ave., No C-7
>Lansdowne, PA  19050

>_____
>Carrie E. Watt, Esq.

PHL_A #1629416 v1