IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINCOLN HERBERT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. 022671 |
| ROBERT J. REINSTEIN, | : | |
| WILLIAM T. BERGMAN, | : | |
| THE BEASLEY SCHOOL OF LAW, | : | |
| AND | : | |
| TEMPLE UNIVERSITY, | : | |
| | : | |
| Defendants. | : | |

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendants, Robert J. Reinstein, Dean of the James E. Beasley School of Law and a Vice President of Temple University; William T. Bergman, a Vice President of Temple University; the James E. Beasley School of Law; and Temple University - Of The Commonwealth System of Higher Education (incorrectly designated in Plaintiff's Complaint as "Robert J. Reinstein, Dean of Temple University School of Law and Vice President of Temple University; William T. Bergman, Chief, Temple University Campus Police; the Beasley School of Law; and Temple University", and hereinafter collectively referred to as "Defendants"),by and through their undersigned counsel, hereby answer the Complaint in the above-captioned matter as follows:

1.    After reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of this paragraph and it is therefore denied.

2.    Admitted only that defendants Robert J. Reinstein ("Reinstein") and William T. Bergman ("Bergman") are adults who work in Philadelphia.  The remainder of this paragraph is denied.

3.     Admitted that Defendant Robert J. Reinstein ("Dean Reinstein") was both Dean of the James E. Beasley School of Law (the "Law School") and a Vice President of Temple University - Of The Commonwealth System of Higher Education ("Temple").  This paragraph is denied to the extent that it incorrectly names both the Law School and Temple.

4.     This paragraph constitutes a conclusion of law to which no responsive pleading is required, and it is therefore denied.  By way of further answer, this paragraph is denied in its entirety.

5.     This paragraph constitutes a conclusion of law to which no responsive pleading is required, and it is therefore denied.  By way of further answer, this paragraph is denied in its entirety.

6.     Admitted only that Temple is designated as a state-related university and receives operating funds from the Commonwealth of Pennsylvania.   The remainder of this paragraph is denied.

7.     This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied.

8.     This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied.

9.     This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied.  By way of further answer, the "agents and employees" to whom this paragraph refers are not named; therefore, after reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of this paragraph and it is therefore denied.

10.     Denied that Reinstein had knowledge of, or acquiesced in, the conduct of anyone other than himself.  Denied that Reinstein had "sufficient authority and control" to have prevented any such conduct, particularly that of which he was not aware.  The remainder of this paragraph consists entirely of conclusions of law to which no responsive pleading is required and it is therefore denied.  By way of further answer, it is denied that Plaintiff's legal rights were violated on any of the occasions in question.

11.     Admitted that Bergman had knowledge of, and acquiesced in, and had sufficient authority and control to have prevented, the Temple campus police conduct that remains at issue in this case, which occurred at the 2000 and 2001 graduation ceremonies.  Plaintiff's allegation that any such conduct on the part of the Temple campus police violated Plaintiff's legal rights is denied as a conclusion of law to which no responsive pleading is required.  To the extent that this allegation may be deemed to require an answer, it is denied.  Because all other counts involving Bergman and/or the Temple campus police have been dismissed pursuant to an Order of Court dated January 31, 2003 and entered February 3, 2003, no further responsive pleading is required.

12.     This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied.

13.     This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied.

14.     This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied.

15.     Admitted only that the incidents set forth in Plaintiffs' complaint are alleged to have occurred in Philadelphia.  Denied that the conduct occurred as alleged by the

Plaintiff.  The remainder of this paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied.

16.     Admitted only that Temple as a whole is not walled, gated, or otherwise locked.  The remainder of this paragraph is denied.

17.     This paragraph consists entirely of a conclusion of law to which no responsive pleading is required, and it is therefore denied.  To the extent that this paragraph may be deemed to require an answer, it is denied in its entirety.

18.     This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied.  To the extent that this paragraph, or any portion of it, may be deemed to require an answer, it is denied.

19.     Denied that Temple campus buildings or areas within such buildings are generally held open to alumni or the public at large.  As stated above, Plaintiff's allegations that any areas within Temple buildings constitute "public fora" are denied as conclusions of law to which no responsive pleading is required.  To the extent that such allegations may be deemed to require an answer, they are denied in their entirety.

20.     Admitted only that on certain occasions between May 1998 and May 2001, Plaintiff distributed written materials both on Temple property, and on the public sidewalks surrounding Temple property.  Plaintiff's characterization of the contents of the written materials is denied in that the written materials speak for themselves.

21.     Plaintiff's allegation that the leaflets were critical of Dean Reinstein is admitted, as stipulated by the parties in Sabatini v. Temple University, et al., a related case which concerns leaflets containing the same or similar materials to those which are at issue in this case.

Denied that the leaflets were embarrassing to Reinstein, his administration, the Law School, or Temple.

22.    This paragraph, and every portion of it, is denied in its entirety.

23.    Denied that Temple campus police "physically threatened" Plaintiff or used physical force against Plaintiff on any occasion.

24.    This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied. By way of further answer, to the extent that this paragraph, or any portion of it, may be deemed to require an answer, it is denied.

25.    This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied. By way of further answer, to the extent that this paragraph, or any portion of it, may be deemed to require an answer, it is denied.

26.    Denied that Plaintiff was treated any differently than anyone else with respect to expressive activities on Temple property, or that Plaintiff was subjected to content-based discrimination by any of the Defendants. The remainder of this paragraph consists of conclusions of law to which no responsive pleading is required, and it is therefore denied. By way of further answer, to the extent that the remainder of this paragraph, or any portion of it, may be deemed to require an answer, it is denied.

27.    Denied that Defendants treated Plaintiff any differently than anyone else with respect to expressive activities on Temple property, or that Defendants subjected Plaintiff to content-based discrimination. Plaintiff's characterization of his own written materials is denied as the materials speak for themselves.

28.    Denied that Defendants accorded Plaintiff any less freedom than any other similarly situated individuals with respect to expressive activities on Temple property. The

remainder of this paragraph consists of conclusions of law to which no responsive pleading is required, and it is therefore denied.

29.    Denied that Defendants treated Plaintiff any differently than anyone else with respect to expressive activities on Temple property, or subjected Plaintiff to content-based discrimination.  The remainder of this paragraph consists of conclusions of law to which no responsive pleading is required, and it is therefore denied.  To the extent that the remainder of this paragraph, or any portion of it, may be deemed to require an answer, it is denied in its entirety.

30.    This paragraph, and every portion of it, is denied in its entirety.

31.    Plaintiff's allegation that the Defendants' conduct violated his legal rights constitutes a conclusion of law to which no responsive pleading is required, and it is therefore denied.  The remainder of this paragraph is denied.

32.    Admitted only that Bergman was aware of and acquiesced in the conduct of the Temple campus police which remains at issue in this case, which occurred at the Law School graduation ceremonies in May 2000 and May 2001.  Plaintiff's allegation that the Defendants' conduct violated his legal rights constitutes a conclusion of law to which no responsive pleading is required, and it is therefore denied.  Because all other counts involving Bergman and/or the Temple campus police have been dismissed pursuant to an Order of Court dated January 31, 2003 and entered February 3, 2003, no further responsive pleading is required.

## COUNT I

33 – 38.    Count I of the Complaint has been dismissed pursuant to an Order of Court dated and entered January 30, 2003, and these paragraphs therefore require no responses from Defendants.

## COUNT II

39 - 40.     Count II of the Complaint has been dismissed pursuant to an Order of Court dated January 31, 2003 and entered February 3, 2003, and these paragraphs therefore require no responses from Defendants.

## COUNT III

41 – 45.     Count III of the Complaint has been dismissed pursuant to an Order of Court dated and entered January 30, 2003, and these paragraphs therefore require no responses from Defendants.

## COUNT IV

46 – 47.     Count IV of the Complaint has been dismissed pursuant to an Order of Court dated January 31, 2003 and entered February 3, 2003, and these paragraphs therefore require no responses from Defendants.

## COUNT V

48 – 71.     Count V of the Complaint has been dismissed pursuant to an Order of Court dated and entered January 30, 2003, and these paragraphs therefore require no responses from Defendants.

## COUNT VI

72 – 73.     Count VI of the Complaint has been dismissed pursuant to an Order of Court dated January 31, 2003 and entered February 3, 2003, and these paragraphs therefore require no responses from Defendants.

## COUNT VII

74 – 78.     Count VII of the Complaint has been dismissed pursuant to an Order of Court dated and entered January 30, 2003, and these paragraphs therefore require no responses from Defendants.

## COUNT VIII

79 – 80.    Count VIII of the Complaint has been dismissed pursuant to an Order of Court dated January 31, 2003 and entered February 3, 2003, and these paragraphs therefore require no responses from Defendants.

## COUNT IX

81.    Defendants incorporate herein, as through set forth in full, all of the above answers, denials and averments.

82.    Denied.

83.    Admitted only that in January, 2000, Plaintiff and other Law School alumni were sent invitations from the Law School to the Herbert Myers lecture, which was scheduled to take place at the Law School in late January 2000.  Denied that the event was open to the public or constituted a public discussion.

84.    Admitted.

85.    Admitted only that the lecture took place at the Law School's Moot Courtroom on January 27, 2000.  Denied that the lecture constituted a public discussion.

86.    Admitted only that Reinstein was present at and hosted the event in question and that he was in control of the lecture in accordance with Law School and/or University policies.  This paragraph is denied to the extent that it states to the contrary.

87.    After reasonable investigation, Defendants lack sufficient information to form a belief as to the truth of Plaintiff's allegations concerning his own thoughts and beliefs, and the same are therefore denied.  The remainder of this paragraph consists of conclusions of law to which no responsive pleading is required, and the same are therefore denied.  To the extent that any portion of the remainder of this paragraph may be deemed to require an answer, it is denied.

88.    Admitted only that Plaintiff sought to distribute written materials on Temple property on the occasion in question.   Plaintiff's characterization of such written materials is denied, as the written materials speak for themselves.   The remainder of this paragraph is denied.

89.    Admitted only that Plaintiff arrived at the Law School prior to the beginning of the lecture.   Denied that Plaintiff arrived "for the lecture," in that his purpose, as stated in his Complaint, was to distribute written materials

90.    Admitted.

91.    Admitted only that Plaintiff disseminated written materials inside the Law School.   The remainder of this paragraph is denied.

92.    Admitted only that MaryLouise Esten observed Plaintiff and Donald Sabatini distributing written materials to people who were attempting to enter the Moot Courtroom for the lecture.   The remainder of this paragraph is denied.

93.    Denied.

94.    Denied.

95.    Admitted only that Esten spoke with a campus police officer.   Denied that this conversation occurred in the sequence of events alleged by Plaintiff.

96.    Admitted only that Esten noticed Plaintiff and Sabatini distributing written materials.   The remainder of this paragraph is denied.

97.    Denied.

98.    After reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of Plaintiff's allegations concerning his fear of

"physical enforcement action and/or arrest," and the same are therefore denied.  The remainder of this paragraph is denied.

99.    Denied that any of the alleged actions were taken with Reinstein's knowledge and acquiescence.  Denied that anyone actually interfered with Plaintiff's distribution of written materials.  The remainder of this paragraph is denied as consisting of conclusions of law to which no responsive pleading is required.

100.    Count IX of the Complaint has been dismissed pursuant to an Order of Court dated and entered January 30, 2003, and this paragraph therefore requires no response from Defendants.

## COUNT X

101.    Defendants incorporate herein, as though set forth in full, all of the above answers, denials and averments.

102.    This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied.  To the extent that this paragraph, or any portion of it, is deemed to require an answer, it is denied.

103.    Denied.

104.    This paragraph constitutes a conclusion of law to which no responsive pleading is required, and it is therefore denied.

WHEREFORE, Defendants demand judgment in their favor and against the Plaintiff, together with attorneys' fees, costs and sanctions.

## COUNT XI

105 – 109.    Count XI of the Complaint has been dismissed pursuant to an Order of Court dated and entered January 30, 2003, and these paragraphs therefore require no responses from Defendants.

## COUNT XII

110.    Defendants incorporate herein, as though set forth in full, all of the above answers, denials and averments.

111.    Denied that anyone interfered with Plaintiff's distribution of written materials on the occasion in question.  It is further denied that Defendants treated Plaintiff differently from others, or subjected Plaintiff to content-based discrimination on the occasion in question.  The remainder of this paragraph consists of conclusions of law to which no responsive pleading is required, and it is therefore denied.  To the extent that any portion of the remainder of this paragraph is deemed to require a response, it is denied.

WHEREFORE, Defendants demand judgment in their favor and against the Plaintiff, together with attorneys' fees, costs, and sanctions.

## COUNT XIII

112.    Defendants incorporate herein, as though set forth in full, all of the above answers, denials and averments.

113.    Admitted.

114.    Admitted only that Reinstein spoke at the event in question, and that he hosted and controlled the event in accordance with Law School and/or University policies and procedures.

115.    This paragraph constitutes a conclusion of law to which no responsive pleading is required, and it is therefore denied.  To the extent that this paragraph, or any portion of it, is deemed to require a response, it is denied in its entirety.

116.    Plaintiff's allegation that the event in question constituted a public forum is denied as a conclusion of law to which no responsive pleading is required.  To the extent that this allegation is deemed to require a response, it is denied.  After reasonable investigation,

Defendants are without sufficient information to form a belief as to the truth of Plaintiff's allegations concerning his own thoughts and intentions, and the same are therefore denied. The remainder of this paragraph is denied in its entirety.

117.    Admitted only that Plaintiff arrived at Shusterman Hall on the occasion in question. Denied that Plaintiff arrived "for the event," in that his intention, according to his Complaint, was to distribute written materials on Temple property.

118.    To the extent that this paragraph alleges that the event or the place in question was open to the public or constituted a public forum, it is denied. The remainder of this paragraph is admitted.

119.    Admitted only that both Reinstein and Feldman noticed the Plaintiff and Sabatini distributing written materials on Temple property at the event in question. Denied that this occurred in the sequence of events alleged by Plaintiff.

120.    Admitted only that Feldman spoke with Plaintiff and Sabatini. The remainder of this paragraph is denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    After reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of Plaintiff's allegations concerning his own conclusions, and the same are therefore denied. The remainder of this paragraph is denied in its entirety.

125.    Count XIII of the Complaint has been dismissed pursuant to an Order of Court dated and entered January 30, 2003, and this paragraph therefore requires no response

from Defendants.  To the extent that this paragraph, or any portion of it, is deemed to require a response, it is denied.

## COUNT XIV

126.    Defendants incorporate herein, as though set forth in full, all of the above answers, denials and averments.

127.    Denied.  This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied.  To the extent that any portion of this paragraph is deemed to require a response, it is denied.

WHEREFORE, Defendants demand judgment in their favor and against the Plaintiff, together with attorneys' fees, costs and sanctions.

## COUNT XV

128 – 132.    Count XV of the Complaint has been dismissed pursuant to an Order of Court dated and entered January 30, 2003, and these paragraphs therefore require no responses from Defendants.

## COUNT XVI

133.    Defendants incorporate herein, as though set forth in full, all of the above answers, denials and averments.

134.    Denied that Defendants treated Plaintiff differently from others, or subjected Plaintiff to content-based discrimination on the occasion in question.  The remainder of this paragraph consists of conclusions of law to which no responsive pleading is required, and it is therefore denied.  To the extent that this paragraph, or any portion of it, may be deemed to require a response, it is denied.

WHEREFORE, Defendants demand judgment in their favor and against the Plaintiff, together with attorneys' fees, costs and sanctions.

## COUNT XVII

135.    Defendants incorporate herein, as though set forth in full, all of the above answers, denials and averments.

136.    Admitted.

137.    Admitted only that Plaintiff carried certain written materials with him on the occasion in question.   After reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of Plaintiff's allegation concerning his own intent, and the same is therefore denied.  Plaintiff's characterization of the written materials is denied in that the written materials speak for themselves.   The remainder of this paragraph is denied in its entirety.

138.    Admitted.

139.    Admitted only that Temple campus police officers saw Plaintiff and Sabatini distributing written materials on Temple property on the occasion in question, and that certain campus police officers spoke with Plaintiff and Sabatini.  Denied that a throng of police officers "accosted and surrounded" Plaintiff.  Denied that the Temple campus police took any action because of the content of the written materials.

140.    Admitted.

141.    Admitted only that Bergman told Plaintiff and Sabatini to stop distributing written materials inside the Liacouras Center lobby on the occasion in question.  The remainder of this paragraph is denied.

142.    Admitted that Plaintiff refused to stop distributing written materials in the Liacouras Center lobby on the occasion in question.   Admitted that campus police officers escorted Plaintiff and Sabatini out of the building.  The remainder of this paragraph is denied.

143.    Denied.

144.    Admitted only that Bergman and Lowell would not allow Plaintiff to distribute written materials on Liacouras Center steps or the landing at the top of the steps. The remainder of this paragraph, and every portion of it, is denied.

145.    After reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of Plaintiff's allegations concerning his own fears, and the same are therefore denied. The remainder of this paragraph is denied.

146.    Admitted only that because the Temple campus police made no effort to conceal their actions, such actions were clearly visible to others in the nearby area. The remainder of this paragraph, including Plaintiff's allegations of harassment, intimidation, and physical force, is denied in its entirety.

147.    Denied.

148.    Admitted only that Reinstein had been sued by Sabatini in 1999, and that Reinstein had been deposed in April 2000 in connection with the <u>Sabatini</u> lawsuit. The remainder of this paragraph is denied.

149.    Admitted only that Reinstein knew of the actions of the Temple Campus Police at previous graduation ceremonies. The remainder of this paragraph is denied.

150.    Admitted.

151.    Denied.

152.    Denied.

153.    Admitted only that the individual on duty at the entrance to the Law School told the Plaintiff that in accordance with Law School policies, he could not post his written materials on bulletin boards or other locations within the Law School. The remainder of this paragraph is denied.

154.    Denied.

155.    Admitted only that Plaintiff expressed his intent to post written materials on bulletin boards within the Law School.  The remainder of this paragraph is denied.

156.    Plaintiff's allegations of "impermissible" restriction of Plaintiff's First Amendment rights in "indoor public fora" are denied as conclusions of law to which no responsive pleading is required.  To the extent that any of these allegations are deemed to require a response, they are denied.  The remainder of this paragraph is denied in its entirety.

157.    Denied.

158.    After reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of Plaintiff's allegations concerning his own fears, and the same are therefore denied.  The remainder of this paragraph is denied.

159.    This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied.  To the extent that this paragraph, or any portion of it, is deemed to require a response, it is denied.

160.    Count XVII of the Complaint has been dismissed by Order of Court dated and entered January 30, 2003.  This paragraph therefore requires no response from Defendants.

## COUNT XVIII

161.    Defendants incorporate herein, as though set forth in full, all of the above answers, denials and averments.

162.    Admitted only that Plaintiff attempted to distribute written materials on Temple property at the Liacouras Center and inside the Law School on the date in question.  The remainder of this paragraph is denied.

163.    This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied.  To the extent that this paragraph, or any portion of it, is deemed to require a response, it is denied.

164.    This paragraph constitutes a conclusion of law to which no responsive pleading is required, and it is therefore denied.

WHEREFORE, Defendants demand judgment in their favor and against the Plaintiff, together with attorneys' fees, costs and sanctions.

## COUNT XIX

165 – 168.    Count XIX of the Complaint has been dismissed pursuant to an Order of Court dated and entered January 30, 2003, and these paragraphs therefore require no responses from Defendants.

## COUNT XX

169.    Defendants incorporate herein, as though set forth in full, all of the above answers, denials and averments.

170.    This paragraph constitutes a conclusion of law to which no responsive pleading is required, and it is therefore denied.

WHEREFORE, Defendants demand judgment in their favor and against the Plaintiff, together with attorneys' fees, costs and sanctions.

## COUNT XXI

171.    Defendants incorporate herein, as though set forth in full, all of the above answers, denials and averments.

172.    Admitted only that on the occasion of the Law School graduation ceremony in May 2001, Plaintiff distributed written materials on Temple property.  Plaintiff's

characterization of the written materials is denied in that the written materials speak for themselves.

173.    Admitted only that Bergman and other Temple campus police officers ordered, and ultimately escorted Plaintiff and Sabatini off of Temple property and onto the adjacent public sidewalk on the occasion in question.  Denied that Bergman and/or the Temple campus police used physical force or threatened Plaintiff with arrest.  The remainder of this paragraph is denied as a conclusion of law to which no responsive pleading is required.  To the extent that any portion of the remainder of this paragraph is deemed to require a response, it is denied.

174.    Count XXI of the Complaint has been dismissed pursuant to an Order of Court dated and entered January 30, 2002, and this paragraph therefore requires no response from Defendants.

WHEREFORE, Defendants demand judgment in their favor and against the Plaintiff, together with attorneys' fees, costs and sanctions.

## COUNT XXII

175.    Defendants incorporate herein, as though set forth in full, all of the above answers, denials and averments.

176.    Denied.  This paragraph consists entirely of conclusions of law to which no responsive pleading is required, and it is therefore denied.  To the extent that this paragraph, or any portion of it, may be deemed to require a response, it is denied.

WHEREFORE, Defendants demand judgment in their favor and against the Plaintiff, together with attorneys' fees, costs and sanctions.

## COUNT XXIII

177 – 180.    Count XXIII of the Complaint has been dismissed pursuant to an Order of Court dated and entered January 30, 2002, and these paragraphs therefore require no responses from Defendants.

## COUNT XXIV

181.    Defendants incorporate herein, as though set forth in full, all of the above answers, denials and averments.

182.    This paragraph constitutes a conclusion of law to which no responsive pleading is required, and it is therefore denied.  To the extent that this paragraph, or any portion of it, may be deemed to require a response, it is denied.

WHEREFORE, Defendants demand judgment in their favor and against the Plaintiff, together with attorneys' fees, costs and interest.

## AFFIRMATIVE DEFENSES

183.    Defendants incorporate herein, as though set forth in full, all of the above answers, denials and averments.

184.    Temple University is a private, state related educational institution with a campus located in Philadelphia, Pennsylvania.

185.    Temple owns and maintains its property for use in furtherance of its educational mission.

186.    Buildings and other property owned by Temple are private property.

187.    Temple controls the use of its property for its own lawful nondiscriminatory educational and business purposes.

188.    Buildings and other property owned by Temple are neither traditional public forums nor designated public forums.  Instead, such areas, including the Liacouras Center,

the Law School, and the Temple property immediately outside of the Liacouras Center and the Law School, are non-public forums.

189.    Temple may enforce reasonable, content-neutral regulations governing the use of its property.

190.    Temple controls and limits the use of its property to the specific purposes to which it is dedicated by, inter alia, prohibiting public protests and leafleting on Temple property at events held at the Liacouras Center and the Law School.

191.    Temple also controls and limits the use of its property to the specific purposes to which it is dedicated by, inter alia, limiting access to the Law School and limiting the use of Law School property in accordance with its educational purpose. Neither the Law School in general, nor the bulletin boards or newspaper racks inside the Law School, are held open to the public for general use.

192.    Public protests, including leafleting, may be conducted on the public streets and sidewalks that run throughout Temple's campus.

193.    Temple's policies are entirely content-neutral and are reasonable in light of the purposes for which its property is used.

194.    Temple's policies concerning the distribution of leaflets leave open ample alternative channels of communication to anyone who wishes to engage in political or other expressive activity at Temple's Philadelphia campus.

195.    On the occasions when Plaintiff was prohibited from distributing written materials on Temple property, this was done in accordance with Temple's reasonable, content-neutral policies controlling the use of its property.

196.    Plaintiff was permitted to distribute leaflets on the public sidewalks that run throughout Temple's Philadelphia campus.

197.    Dean Reinstein did not personally direct the campus police or anyone else to prohibit Plaintiff from distributing written materials on Temple property, nor did he have knowledge of and acquiescence in any such actions by the campus police or others.

198.    Defendants have not treated Plaintiff differently from any other similarly situated individuals or groups.

199.    Defendants have not intentionally punished or inhibited Plaintiff's exercise of his constitutional rights.

200.    The actions alleged by Plaintiff were not taken pursuant to an unconstitutional policy or custom.

201.    Plaintiff's Constitutional rights were not violated on any of the occasions in question.

202.    The Complaint and each claim purported to be set forth therein fails to state a claim upon which relief can be granted.

203.    Plaintiff did not sustain any actual injuries or damages as a result of any conduct by Defendants.

204.    Plaintiff failed to take appropriate and necessary steps to mitigate his alleged damages, if any.

205.    Plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, Defendants demand judgment in their favor and against the Plaintiff, together with attorneys' fees, costs and sanctions.

Carrie Watt, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215-665-8123
Attorney for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned attorney, do hereby certify that I have caused the foregoing Answer with Affirmative Defenses to be served by first-class mail on the following:

Lincoln Herbert
146 E. Baltimore Ave.
Clifton Heights, PA  19018-2302


Carrie E. Watt
Attorney for Defendants